UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONRADO CESAR NEVAREZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>IDAHO STATE CORRECTIONAL INSTITUTION,<br><br>　　　　　　Defendant. | Case No. 1:23-cv-00304-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Conrado Cesar Nevarez's Complaint and Amended Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 3, 7, 1). A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review of Plaintiff's filings, the Court has determined that he must file a second amended complaint to correct the deficiencies identified in this Order.

REVIEW OF COMPLAINT

1. **Standard of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (citing *Twombly*, 550 U.S. at 555).

2. **Factual Allegations**

Plaintiff is a prisoner in custody of the Idaho Department of Correction (IDOC), incarcerated at Idaho State Correctional Institution (ISCI). He asserts that many conditions of confinement at ISCI violate the Eighth Amendment's prohibition on cruel and unusual punishment. For example, he alleges that the prison uses insufficient laundry soap and disinfectants for inmates' clothing and bedding; at times, fecal matter still clings to laundry distributed as "clean." Laundry from the medical units, where inmates may have MERSA and other infectious diseases is mixed with laundry from units where well inmates live. (*See* Dkt. 7, p. 2).

Plaintiff complains that inmates with infectious diseases spit blood and mucus into sinks where healthy inmates wash their hands and faces, with no way for inmates to disinfect them between uses. (*Id*., pp. 4-5). Plaintiff asserts that the water treatment and water drainage systems are inadequate, creating unhealthy living conditions. (*Id*., pp. 2-3).

Plaintiff also complains of unsafe conditions for disabled inmates. Laundry carts and dinner carts fill narrow hallways and breezeways. Walkers and wheelchairs left in the hallways and breezeways contribute to overcrowding in those areas. Stairs do not have conjoined railing. He

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

further complains of various other unsafe or unsanitary conditions, such as falling debris from stairways and mops and hoses hung in open areas. (*See id*., p. 3).

As explained below, if Plaintiff desires to bring Eighth Amendment claims under 42 U.S.C. § 1983, however, then he will need to name different defendants—either prison officials in their official capacities if Plaintiff desires injunctive relief (an order for officials to do or refrain from doing something) or prison officials in their individual/personal capacities if Plaintiff desires monetary relief. Further, if Plaintiff has a disability and desires to sue ISCI or the state of Idaho in federal court, he may bring his accessibility claims against ISCI or the State under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

3. Section 1983 Claims

   A. *Eighth Amendment Standard of Law*

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the unnecessary and wanton infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

"the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (internal citations and punctuation omitted). Within acceptable parameters, prison officials must provide inmates with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer*, 511 U.S. at 832; *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Id.*

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson*, 217 F.3d at 731.

Second, the plaintiff must make a "subjective" showing that the prison official responsible for the violation acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the official was aware of the risk to the prisoner's health or safety, and (2) the official deliberately disregarded that risk. *See Farmer*, 511 U.S. at 837. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id*. at 834-35.

### B. *Improper Defendants for § 1983 Claims*

Plaintiff brings his conditions of confinement claims against a state entity, the Idaho State Correctional Institution. (Dkt. 7). In his Motion to Amend (Dkt. 10), Plaintiff states he desires to include or substitute "the State of Idaho" as a defendant. Neither the Idaho State Correction Institution nor the State of Idaho, however, is a correct defendant under § 1983.

The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means the IDOC, which is a state entity, cannot be sued in federal court except in two instances: (1) where the State of Idaho has expressly waived its sovereign immunity, *see Hans v. Louisiana*,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity, s*ee Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff has not alleged the State of Idaho generally has waived sovereign immunity for § 1983 suits in federal court. Nor has he shown the State has waived its immunity in the instant suit. *See Smith v. Reeves*, 178 U.S. 436, 441 (1900) ("The immunity from suit belonging to a state, which is respected and protected by the Constitution within the limits of the judicial power of the United States, is a personal privilege which it may waive at pleasure.") (citation omitted). Further, neither a state entity nor a state is a person. Therefore neither is a proper defendant under § 1983. For both of these reasons, Plaintiff may not proceed against either the State or a state entity under § 1983, but he must name a proper defendant in his second amended complaint.

4. **ADA-Type Claims**

To state a claim of disability discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, a plaintiff must allege four elements: (1) he has a disability as defined by statute; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services or was otherwise discriminated against by the public entity; and (4) such exclusion, denial, or discrimination was because of his disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). The ADA defines a disability as: "(A) a

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

As noted above, Plaintiff asserts that various conditions at the ISCI violate the rights of disabled inmates. These claims appear to be ADA-type claims, but Plaintiff has not specifically made an allegation under that statute. If Plaintiff does not have a qualifying disability, he should omit any accessibility claims from his second amended complaint.

If Plaintiff is disabled and desires to bring ADA claims, then the proper defendants are the State or a state entity (unlike for § 1983 claims). *See United States v. Georgia*, 546 U.S. 151, 159-60 (2006) (holding that Title II of the ADA validly abrogates Eleventh Amendment immunity for states, and plaintiffs may seek monetary damages and prospective injunctive relief). Alternatively, naming a state official in their official capacity as a defendant is proper, but no individual/personal capacity claims exist under the statute. *See, e.g.*, *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001). Plaintiff will be given leave to submit a second amended complaint to assert an ADA claim, if applicable.

5. **Claims Based on State Criminal Laws**

Plaintiff cites various Idaho criminal statutes as the basis for federal causes of action. Criminal statutes provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (federal criminal statutes). These claims should not be included in a second amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

## INSTRUCTIONS FOR AMENDMENT

Plaintiff must decide whether to assert § 1983 civil rights claims against state officials who personally participated in the alleged constitutional violations (in their official capacity for injunctive relief, or in their individual/personal capacity for monetary relief), and/or whether to assert ADA claims against the State, the prison, or prison officials in their official capacity (for injunctive relief). Then he must carefully divide his causes of action into separate claims, stating who did (or was responsible for) what, when, where, why, and how.

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as a "Second Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files a second amended complaint, he must also file a "Motion to Review the Second Amended Complaint."

If Plaintiff fails to file anything further in this matter, his Amended Complaint will be dismissed without prejudice without further notice for failure to state a federal claim upon which relief can be granted.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

## PLAINTIFF'S MOTIONS

1. **Change of Venue**

Plaintiff has filed a "Motion to Sojourn or Change of Venue." (Dkt. 12). He asserts that because "irregularities have run abound," this matter should be transferred to a court outside the District of Idaho. The rest of the motion is indecipherable.

A civil rights action may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Plaintiff has not provided adequate facts showing that adjudication of his claim in the District of Idaho would serve the "interests of justice." It appears that all defendants and acts at issue are connected to Idaho, and that venue in the District of Idaho is appropriate. This motion will be denied.

2. **Appointment of Counsel**

Plaintiff has filed two Motions to Appoint Counsel. (Dkts. 4, 8). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

Presently, Plaintiff appears to have the ability to articulate his claims. The Court will re-evaluate the need for counsel after it reviews the second amended complaint. The Court presently will deny the motion for appointment of counsel without prejudice.

3. **Request for Consolidation**

Plaintiff has filed a Motion for Correction of Clerical Error (Dkt. 11). He asks for this case to be consolidated with Case No. 23-cv-00175-AKB, *Romero v. ISCI*. While both cases assert a violation based on disability access issues, Mr. Romero's claims also involved personal medical care claims. It is not appropriate for inmates to possess each other's medical records. Because there are enough differences between the cases and the private medical records issue exists, the Court concludes that joinder is not appropriate here. The motion will be denied.

4. **Amendment and Adding a Proper Defendant or Proper Cause of Action**

Plaintiff has filed a Motion to Amend. (Dkt. 10). Plaintiff desires to include "the State of Idaho" as a defendant. As explained above, the State is an improper defendant in an § 1983 Eighth Amendment claim. The Court will deny the motion in part but grant it in part because Plaintiff must amend his pleadings again to state proper causes of action against proper defendants.

**ORDER**

**IT IS ORDERED:**

1. The Motion for Correction of Clerical Error (Dkt. 11), construed as a motion for consolidation, is DENIED.

2. The Motion to Amend (Dkt. 10) is GRANTED in part and DENIED in part.

3. The Motion to Sojourn or Change of Venue (Dkt. 12) is DENIED.

4. The two Motions to Appoint Counsel (Dkts. 4, 8) are DENIED without prejudice.

5. Plaintiff shall file a notice of change of address and a second amended complaint within 30 days after entry of this Order. Failure to take these actions within this time frame will result in dismissal of Plaintiff's claims without further notice.

DATED: December 6, 2023

Amanda K. Brailsford
U.S. District Court Judge